IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00364-BNB

JEREMY GARDNER,

      Applicant,

v.

TOM CLEMENTS, Executive Director, CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Jeremy Gardner, is currently serving a period of intensive supervision parole in Missouri.  Mr. Gardner initiated this action by filing on February 20, 2012, a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Case No. 051CR4037 and Case No. 05CR5321 in the District Court for the City and County of Denver.  He has paid the $5.00 filing fee in a habeas corpus action.

In an order entered on February 21, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on March 12, 2012.  Mr. Gardner did not file a Reply.

The Court must construe liberally the Application filed by Mr. Gardner because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the

reasons stated below, the Court will dismiss the action as barred by the one-year

limitation period.

## I.      Background

On February 3, 2006, Mr. Gardner pled guilty to one count of theft in Case No.

05CR4037 and two counts of theft in Case No. 05CR5321.  *See* Pre-Answer Resp. at

Ex. A, p. 7 (State Court Register of Actions).  On June 23, 2006, the trial court

sentenced Mr. Gardner to six years on each count, to be served consecutively.  *Id.* at 6.

Mr. Gardner did not file a direct appeal.

On December 9, 2008, Mr. Gardner filed a post-conviction motion pursuant to

Colorado Rule of Criminal Procedure 35(c).  *Id.*  The trial court denied the motion on

January 2, 2009.  *Id.* at 5.  Mr. Gardner filed an appeal, and the Colorado Court of

Appeals affirmed in part and reversed in part on March 4, 2010.  *See People v.*

*Gardner*, No. 09CA0085 (Colo. App. Mar. 4, 2010) (unpublished opinion) (Pre-Answer

Resp. at Ex. G).  The Colorado Supreme Court denied certiorari review, and the

mandate issued on March 31, 2011.  Pre-Answer Resp. at Ex. I.

Mr. Gardner filed an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 in this Court on February 10, 2012.  In the Application, Mr. Gardner

asserts two claims: (1) that his convictions for theft violate double jeopardy; and (2) that

the sentencing scheme for different levels of theft violates equal protection.

## II.     Timeliness

2

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine

when the judgment of conviction in Mr. Gardner's criminal case became final.

The final sentence in Mr. Gardner's case entered on June 23, 2006.  Pre-Answer Resp.

at Ex. A, p. 6.  Because Mr. Gardner did not file a direct appeal, the Court therefore

finds that his conviction became final on August 7, 2006, forty-five days after he was

sentenced.  *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.

2001).  As such, the one-year statute of limitations would begin to run on August 8,

2006, the next business day after the conclusion of the time to appeal.  *See, e.g.,*

*Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Gardner's state court post-

conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.

§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year

limitation period while the motion is pending.  An application for post-conviction review is

properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in

compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531

U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required
> filing fees; (3) the obtaining of any necessary judicial authorizations that
> are conditions precedent to filing, such as satisfying any filing
> preconditions that may have been imposed on an abusive filer; and (4)
> other conditions precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal

law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use

of state court procedures, to exhaust state court remedies with regard to a particular

post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

4

Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, there were no motions pending in Mr. Gardner's state court case between August 8, 2006, and December 9, 2008, the date Mr. Gardner filed his first post-conviction motion. Accordingly, the limitation period began to run on August 8, 2006, and ran un-tolled for 365 days until it expired on August 8, 2007. Because the one-year limitation period expired before Mr. Gardner filed his first motion for post-conviction relief on December 9, 2008, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, because Mr. Gardner did not file his habeas corpus application in this Court until February 10, 2012, more than four years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable

neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Gardner bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Gardner fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Gardner has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gardner files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __12th__ day of ____April_____, 2012.

BY THE COURT:


    s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court